**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALAIN BIDIAS-SADJEU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2165-KC** |
| | § | |
| **TODD BLANCHE, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Alain Bidias-Sadjeu's Petition for a Writ of Habeas Corpus, ECF No. 1.

This Court granted in part Bidias-Sadjeu's previous petition for a writ of habeas corpus and ordered that Respondents either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Order, *Bidias Sadjeu v. Warden, El Paso Service Processing Center*, No. 3:25-cv-676-KC (W.D. Tex. Jan. 7, 2026), ECF No. 8.

In compliance with the Court's Order, Respondents provided Bidias-Sadjeu with a bond hearing, at which the IJ denied Bidias-Sadjeu bond on the basis of flight risk and danger. Final J., *Bidias Sadjeu v. Warden, El Paso Service Processing Center*, No. 3:25-cv-676-KC (W.D. Tex. Jan. 20, 2026), ECF No. 11. Finding no matters remained to be resolved, the Court closed the case. *Id.*

On August 3, 2026, Bidias-Sadjeu filed a Motion for Emergency Review of Custody Redetermination, which the Court denied for lack of jurisdiction to review the IJ's flight risk and

dangerousness determinations. Order, *Bidias Sadjeu v. Warden, El Paso Service Processing Center*, No. 3:25-cv-676-KC (W.D. Tex. Aug. 6, 2026), ECF No. 15.

Bidias-Sadjeu has now filed the instant Petition, again challenging his continued detention and bond denial. *See* Pet. 2–5. But Bidias-Sadjeu's new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination. *See generally* Pet. As previously stated, when a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk or danger and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).

There is also no indication that Bidias-Sadjeu is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 21st day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE